**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

| | |
|---|---|
| JOHN LINTON,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>Defendant. | CIVIL ACTION NO.: 5:25-cv-98 |

**ORDER**

Plaintiff contests the decision of Administrative Law Judge Vickie Evans ("the ALJ" or "ALJ Evans") denying his claim for Period of Disability and Disability Insurance Benefits. Plaintiff urges the Court to reverse the ALJ's decision. Doc. 15. The Commissioner asserts that the Court should affirm the ALJ's decision. Doc. 18. Plaintiff filed a Reply. Doc. 19. For the following reasons, I **REMAND** the ALJ's decision to the Commissioner under sentence four of 42 U.S.C. § 405(g). I also **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## BACKGROUND

Plaintiff applied for a Period of Disability and Disability Insurance Benefits on May 2, 2022, alleging an onset date of July 5, 2019. R. 310.[1] On that same day, Plaintiff filed an application for Supplemental Security Income, alleging the same onset date. R. 312. Plaintiff later amended his alleged onset date to May 22, 2022. R. 333. On October 21, 2024, the ALJ held a hearing, at which Plaintiff, who was represented by counsel, appeared and testified. R. 55–87. Dian Haller, a vocational expert ("VE"), also appeared at the hearing. R. 83–87. On December 20, 2024, the ALJ denied Plaintiff's claims. R. 13–31. The Appeals Council then denied Plaintiff's request for review of the ALJ's decision. R. 2–4.

Plaintiff, born on May 3, 1984, was 38 years old at the time of the alleged onset date and 40 years old at the time of the ALJ's decision in 2024. R. 381. Plaintiff has at least a high school education. R. 348. Plaintiff has no past relevant work. R. 30.

## DISCUSSION

### I. The ALJ's Findings

Title II of the Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

---

[1] A transcript of the entire proceedings before the Social Security Administration appears at Document Numbers 13 and 14. The transcript includes paginated Record cites. Docs. 13-1 to -6; Doc. 14. I refer to the transcript using these same Record cites.

expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). The Act qualifies the definition of disability as follows:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]

42 U.S.C. § 423(d)(2)(A). Under the Act, the Commissioner has established a five-step process to determine whether a person meets the definition of disability. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

The first step determines whether the claimant is engaged in "substantial gainful activity." Bowen, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Id. at 140–41. A severe impairment significantly limits one's ability to perform "basic work activities." 20 C.F.R. § 404.1522(a). If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires the ALJ to determine whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as severe enough to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P, App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the

impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Bowen, 482 U.S. at 141.

If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine whether the impairment precludes the claimant from performing past relevant work, i.e., whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. Id.; Stone v. Comm'r of Soc. Sec., 503 F. App'x 692, 693 (11th Cir. 2013). A claimant's RFC "is an assessment . . . of a claimant's remaining ability to do work despite his impairments." Id. at 693–94 (ellipsis in original) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he can adjust to other work in the national economy, considering his age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Bowen, 482 U.S. at 142.

ALJ Evans followed this sequential process to determine that Plaintiff did not engage in substantial gainful activity since his amended alleged onset date, May 22, 2022. R. 14. At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc of the lumbar spine/lumbar spondylosis; degenerative disc disease of the cervical spine; osteoarthritis of the left knee; gout; urinary retention with catheter placement; renal insufficiency; chronic kidney disease, stage 3b; asthma;

prostatitis; hypertension; gastroesophageal reflux disease ("GERD"); adjustment disorder with depressed mood; and pain disorder with related psychological factors. Id. At step three, the ALJ determined that Plaintiff's impairments or combination of impairments did not meet the severity of an impairment listed in the Code of Federal Regulations. R. 14–17.

The ALJ found that Plaintiff has the RFC to perform light work with additional environmental and positional limitations. R. 17. The ALJ found that Plaintiff can never climb a ladder, rope, or scaffold. However, the ALJ found that Plaintiff can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. Id. The ALJ also found that Plaintiff should avoid work at unprotected heights and around hazardous machinery and should perform no jobs where driving is an essential function of the job; avoid work in temperature extremes; and avoid concentrated exposure to dust, fumes, odors, gases, and poor ventilation. Next, the ALJ found that Plaintiff can understand, remember, apply, and carry out simple instructions; have occasional interactions with co-workers, supervisors, and the public; use his judgment to make simple work-related decisions; and adapt to routine and occasional changes in the work setting. Id. But the ALJ found that Plaintiff cannot perform work requiring a specific production rate, such as assembly line work or work that requires hourly quotas. Id.

At the next step, the ALJ determined Plaintiff has no past relevant work. R. 30. Given this, the ALJ determined that transferability of job skills is not material to

determining Plaintiff's disability. Id. The ALJ concluded at the fifth and final step that Plaintiff could perform jobs that exist in significant numbers in the economy, such as assembler of electrical accessories, inspector and packager of small products, labeler/marker, table worker, polisher, touch up inspector/polisher, and touch up film inspector. R. 31.

## II. Issue Presented

Plaintiff contends that the ALJ provided an inadequate explanation when determining Plaintiff's RFC. Plaintiff contends that the ALJ recognized severe impairments causing frequent, unscheduled bathroom breaks but then failed to adopt (or justify rejecting) a corresponding limitation in the RFC. Doc. 15 at 7–8.

## III. Standard of Review

Judicial review of social security cases is limited to questions of whether "substantial evidence" supports the Commissioner's factual findings and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence, or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

But substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied on must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the court vacate the findings and remand the case for clarification. Cornelius, 936 F.2d at 1146.

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982), overruled by statute on other grounds recognized by Lane v. Astrue, No. 8:11-CV-345-T-27, 2012 WL 292637, at *4 (M.D. Fla. Jan. 12, 2012).

## IV. The ALJ Erred by Inadequately Considering Plaintiff's Subjective Complaints in Formulating the RFC

Plaintiff states that ALJ Evans erred because she failed to explain why she chose not to adopt a limitation related to frequent, unplanned restroom breaks. Doc. 15 at 6. Plaintiff states that the ALJ acknowledged Plaintiff's allegations about his symptoms during the hearing but "did not explain the absence of an RFC limitation addressing those symptoms," so there is no "reasoned bridge from the evidence to the RFC[.]"[2] Id. at 7–8. Plaintiff states that this error violates Social Security Ruling ("SSR") 96-8p. Id. at 6–8 (citing SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996)). Plaintiff also argues that the ALJ did not address his urinary complaints in her decision and, instead, focused solely on pain complaints. Id. at 6. Plaintiff states that this failure was outcome-determinative, as the VE stated that unscheduled and frequent bathroom breaks would be incompatible with competitive employment. Id.

---

[2] Plaintiff further states that the ALJ "recognized a limitation of this type during the hearing," id., referring to a limitation that would require at least eight bathroom breaks during a workday, each lasting ten minutes each. Doc. 15 at 7. Plaintiff's contention is based on a misapprehension about the ALJ's comments during the hearing. During the hearing, the ALJ asked the VE about how certain symptoms related to urinary conditions would impact a hypothetical individual's ability to obtain and hold employment, including the need for eight bathroom breaks a workday. R. 82–86. But the ALJ did not make any determinations during the hearing about whether Plaintiff actually needs to take eight bathroom breaks per workday. Moreover, later, in her decision, the ALJ concluded that Plaintiff had the following impairments: "urinary retention with catheter placement; renal insufficiency; [and] chronic kidney disease, stage 3b" but also concluded that Plaintiff's statements about the intensity, persistence, and limiting effects of the symptoms was not entirely consistent with the medical evidence. R. 14.

The Commissioner states that the ALJ did all she needed to do in explaining her RFC determination. The Commissioner contends that the ALJ acknowledged Plaintiff's allegations of disabling bladder problems and chronic kidney disease. Doc. 18 at 4–5. The Commissioner states that the ALJ considered treatment records and administrative medical findings of the State agency medical consultants that "contradict Plaintiff's allegations regarding the limiting effects of his urinary symptoms." Id. at 5. The Commissioner points out that the ALJ found the record did not support Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms. Id. at 6. The Commissioner also states that Plaintiff fails to identify objective medical evidence warranting further functional limitations and that he cannot rely on his own self-reported subjective complaints to medical providers to establish functional limitations. Id. at 5–6. Finally, the Commissioner contends that, if there is an error, it is not harmful because Plaintiff's subjective complaints do not establish limitations. Id. at 6.

In his Reply, Plaintiff argues that the ALJ failed to connect record evidence to the RFC finding, the medical record evidence does not apply to whether Plaintiff's bladder problems cause functional limitations, and state agency assessments cannot replace the ALJ's evaluation of the full record. Doc. 19 at 1–5. Plaintiff also asserts that the ALJ never made an explicit finding on urinary frequency. Id. at 7–8. Plaintiff also argues that the error is harmful because, in response to a hypothetical incorporating a need for

frequent restroom breaks, the VE stated that such restroom breaks "would not be consistent with competitive employment absent accommodation." Id. at 6.

"The RFC 'is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite [his] impairments.'" Malak v. Comm'r of Soc. Sec., 131 F.4th 1280, 1285 (11th Cir. 2025) (quoting Lewis, 125 F.3d at 1440). "An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability." 42 U.S.C. § 423(d)(5)(A). Rather, "there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence . . . would lead to a conclusion that the individual is under a disability." Id. In evaluating the intensity and persistence of a claimant's symptoms and determining the extent to which they limit work capacity, an ALJ considers "whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [the claimant's] statements and the rest of the evidence." 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4).

If an ALJ fails to credit a claimant's testimony about his symptoms, the ALJ "must articulate explicit and adequate reasons for doing so." Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). "What matters is whether the ALJ 'state[s] with at least

some measure of clarity the grounds for his decision.'" Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1276 n.14 (11th Cir. 2024) (alteration omitted) (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011)). Courts also recognize that,

> SSR 16-3p expressly provides that the ALJ may not make conclusory statements about having considered the symptoms, or merely recite the factors described in the regulations. Rather, the determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent, and supported by the evidence, and be clearly articulated so that the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.

Ring v. Berryhill, 241 F. Supp. 3d 1235, 1251 (N.D. Ala. 2017), aff'd sub nom. Ring v. Soc. Sec. Admin., Comm'r, 728 F. App'x 966 (11th Cir. 2018).

Plaintiff testified about bladder problems during the hearing. Plaintiff testified that he was still having bladder problems, including pain and urinary frequency, urgency, and retention. R. 70–74. Plaintiff also testified that he experiences these problems every day. R. 71.

In the ALJ's written decision, she concluded that the medical evidence diverged from Plaintiff's testimony. The ALJ noted that Plaintiff alleged bladder problems but concluded that the objective medical evidence went against Plaintiff's "statements about the intensity, persistence, and limiting effect of his symptoms" and "did not support the extent alleged." R. 17–18. The ALJ summarized Plaintiff's treatment history across the relevant periods. R. 18–21. The ALJ noted that Plaintiff "reported [he was] doing better in regard to his urological procedure" in 2022 and highlighted records describing

conservative treatment of Plaintiff's bladder pain and unremarkable physical exams in 2024. R. 20–21. Later, the ALJ concluded by stating that she "considered the claimant's allegations and found them neither consistent with nor well supported by the objective medical findings, the claimant's statements about his activities, his minimal medication regimen, his doctor's observations[,] and the opinions of the DDS consultants." R. 30.

The ALJ did not provide a clear articulation of how she assessed Plaintiff's testimony, and none of the limitations in the RFC appear to be responsive to his testimony about his bladder problems. When determining the RFC, the ALJ acknowledged in passing that Plaintiff alleged he had "bladder problems," but she did not then discuss or analyze how Plaintiff's need to urinate often might affect Plaintiff's ability to perform light work. R. 17. The ALJ also failed to clearly articulate which portions of the objective medical findings were inconsistent with Plaintiff's testimony and why these objective medical findings supported discounting his testimony about urinary frequency. R. 17–21.

In sum, the ALJ does not clearly articulate her analysis of Plaintiff's testimony about his symptoms in her decision. See Ring, 241 F. Supp. 3d at 1251 ("[T]he determination or decision must . . . be clearly articulated[.]); see also Spencer v. Kijakazi, No. CV 121-056, 2022 WL 18107085 (S.D. Ga. Dec. 5, 2022) (remanding because "[a]dditional explanation by the ALJ is necessary in order to so minimize [the plaintiff's] subjective complaints of her gastrointestinal impairments); Rosinski v.

O'Malley, Case No. 123-031, 2024 WL 629422 (S.D. Ga. Jan. 26, 2024) (holding that remand was warranted when the ALJ "did not discuss and analyze multiple subjective complaints he identified as raised by" the plaintiff); Weidlich v. Comm'r of Soc. Sec., No. 22-13309, 2023 WL 8015753, at *2 (11th Cir. Nov. 20, 2023) ("Substantial evidence cannot support the ALJ's decision without a clear explanation."). Thus, substantial evidence does not support the ALJ's decision.

The Commissioner argues that Plaintiff fails to identify objective medical evidence warranting further functional limitations. Doc. 18 at 5–6. But courts recognize failures to include adequate explanation as an error warranting remand. See, e.g., Raduc v. Comm'r of Soc. Sec., 380 F. App'x 896, 898–99 (11th Cir. 2010) (finding error when it was "unclear whether and to what extent the ALJ discounted [the plaintiff's] testimony about her [irritable bowel syndrome] symptoms" when the ALJ did not find the plaintiff's symptoms affected her RFC). Thus, this argument is unpersuasive.

Next, the Commissioner argues that the ALJ's error was harmless. Doc. 18 at 6. However, the Court cannot re-weigh the evidence to determine the consequences of what additional discussion of Plaintiff's testimony may mean for finding that Plaintiff is disabled. Mills v. Astrue, 226 F. App'x 926, 931–32 (11th Cir. 2007) (explaining that evidence in the record unmentioned by the ALJ may support the ALJ's decision but stating that the court could not "say the error was harmless without re-weighing the evidence," which would require "conjecture that invades the province of the ALJ");

see also Bailey v. Bisignano, Case No. CV 124-193, 2026 WL 35839, at *8 (S.D. Ga. Jan. 6, 2026) ("[T]he Court cannot now engage in an administrative review that was not done in the first instance at the administrative level, but rather must examine the administrative decision as delivered."). Remand is warranted.

To be sure, I do not conclude that the ALJ should have adopted additional limitations related to Plaintiff's urinary frequency, nor do I conclude that Plaintiff is disabled. Instead, I conclude that the ALJ did not sufficiently articulate her analysis of Plaintiff's testimony about his symptoms and the objective medical evidence. It may be that on remand the ALJ is able to better articulate the analysis or the ALJ may reach a different determination upon further review. I express no view on what conclusion is the right one.

**V. Payment of Benefits**

Plaintiff asks the Court to remand the case for the calculation and award of benefits rather than additional factfinding. Doc. 15 at 8–9. A court may reverse and remand with instructions for the Commissioner to award benefits if "the [Commissioner] has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993) (citing Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984)). In other words, if factual issues remain, a court cannot award benefits without usurping the Commissioner's role. I have found that substantial evidence does

not support the ALJ's decision, not that Plaintiff has proven disability "without any doubt." I cannot determine that Plaintiff is "unable to engage in any other kind of substantial gainful work that exists in the national economy" without re-weighing evidence. 42 U.S.C. § 423(d)(2)(a). Accordingly, I decline to direct the payment of benefits.

## CONCLUSION

For the reasons stated above, I **REMAND** the ALJ's decision to the Commissioner under sentence four of 42 U.S.C. § 405(g). I also **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

**SO ORDERED**, this 18th day of September, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA